## E. D. Jones, Appellant, v. Clark County, Appellee.

STATE'S ATTORNEY, § 9*—*what maximum amount of compensation in certain counties.* Under section 1 of the Act fixing and providing for the payment of the salaries of State's Attorneys providing that in counties having not to exceed 30,000 inhabitants, $100 per each 1,000 inhabitants, and major fraction thereof, be paid the State's Attorney in addition to the amount allowed by the State, but providing that the maximum sum to be paid to any State's Attorney in such county shall not exceed $2,500, and under section 3, providing that the salaries of State's Attorneys excepting that part to be paid by the State (i. e., $400) shall be paid out of the treasury of the county of the State's Attorney's residence, the highest amount per annum which the State's Attorney of a county having 23,517 inhabitants could justly claim was $2,500 from the State and county.

Appeal from the Circuit Court of Clark county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed October 22, 1918. Rehearing denied April 3, 1919.

E. D. JONES, *pro se*, and SHEPHERD, TROGDON & DOLE, JOSEPH B. CROWLEY and WILBER H. HICKMAN, for appellant.

OLEN R. CLEMENTS and GRAHAM & SNAVELY, for appellee.

MR. JUSTICE WAGGONER delivered the opinion of the court.

On June 4, 1917, E. D. Jones, the appellant, presented to the Board of Supervisors of Clark county, Illinois, a claim of $1,200 for unpaid salary as State's Attorney of said county for four years, beginning December 2, 1912, during which time he had held such office.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The claim was disallowed by the Board of Supervisors. An appeal was taken to the circuit court, a jury waived and the cause submitted to the court on a written stipulation as to the facts. A judgment was rendered in the circuit court in favor of Clark county for costs, and the appellant appealed from such judgment to this court, assigning as error that the circuit court erred in entering judgment against him and in favor of the appellee instead of a judgment against the appellee and in his favor.

The stipulation, above referred to, states that E. D. Jones, the plaintiff, was elected to the office of State's Attorney for Clark county, Illinois, in November, 1912; that he qualified and entered upon the duties of said office on the first Monday in December, 1912; that the said E. D. Jones served and acted as such State's Attorney for and during a period of four years from December 1912 to December 1916; that the said E. D. Jones received as compensation for such services the sum of $2,500 for each year, of which sum the said county of Clark paid $2,100 and the State of Illinois $400; that the salary of E. D. Jones, as such State's Attorney, was fixed and provided for by the Act of the Legislature of the State of Illinois, entitled, "An Act fixing and providing for the payment of the salaries of State's Attorneys and their assistants," approved June 11, 1912, in force July 1, 1912, and that the population of Clark county, Illinois, as ascertained by the last census immediately previous to the election held in November 1912 was 23,517.

It is contended by the appellant that he should receive from the county of Clark $2,400 per annum in addition to $400 from the State of Illinois, making a total of $2,800 as his annual salary; that Clark county should have paid him $2,400 instead of $2,100 per annum in addition to the $400 paid him by the State of Illinois, each year he was State's Attorney; that said

county is indebted to him an additional sum of $300 for each of such four years, or $1,200.

It is contended by appellee that the salary of the appellant was $2,500 per annum; that $400 of that amount was each year paid him by the State of Illinois, the remainder of $2,100 by the county of Clark; that the appellee is not indebted to appellant, and that the judgment of the court below was right.

Section 1 of the Act fixing and providing for the payment of the salaries of the State's Attorneys provides: "That there shall be allowed to the several State's Attorneys in this State, hereafter elected, for services to be rendered by them, the following annual salary, to-wit: To each State's Attorney in counties not exceeding 30,000 inhabitants, the sum of $100 per each 1000 inhabitants and major fraction thereof, the said salary to be in addition to that now provided by law to be paid by the State: *Provided, however,* that the maximum sum to be paid any State's Attorney in any such counties shall not exceed the sum of $2,500.00 per annum." Section 3 of the same Act provides that "the salaries of State's Attorneys, excepting that part which is to be paid out of the State treasury as now provided by law (i. e. $400), shall be paid out of the county treasury of the county in which the State's Attorney shall reside, in quarterly annual installments on the order of the county board on the treasurer of said county."

No fixed amount of salary is provided for the class of counties having not to exceed 30,000 inhabitants, in which Clark county is included, but the amount of salary is dependent upon the population in each of such counties, the State's Attorney receiving $100 for each 1,000 inhabitants, in addition to that now provided by law to be paid by the State, with the added proviso that the maximum should not exceed $2,500 per annum. *Smith v. County of Logan,* 284 Ill. 169 (170).

If it were not for the proviso in section 1, above quoted, the contention of the appellant would be right, but under such proviso the highest amount per annum he can justly claim is $2,500 from the State and Clark county, which amount he received each year he was State's Attorney, leaving nothing due him.

The judgment of the Circuit Court was right and is affirmed.

*Affirmed.*